IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMIA YOUNG-TREZVANT, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civ. A. No. _____ |
| § | |
| LONE STAR COLLEGE SYSTEM, § | |
| § | |
| *Defendant*. § | |

## Notice of Removal

Defendant Lone Star College System ("Defendant") files this Notice of Removal of Plaintiff Amia Young-Trezvant's ("Plaintiff") "Civil Petition" to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441(a) because Plaintiff asserts a federal claim which could have been filed in this Court. The Court also has supplemental jurisdiction over the state law claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367.

### I.     The State Court Proceedings

1.     Plaintiff's claims arise from her former employment with Defendant.

2.     On March 14, 2023, Plaintiff filed her "Civil Petition" against Defendant in the 61st Judicial District Court of Harris County, Texas. The clerk assigned her case cause number 2023-16557. The same day, Plaintiff also filed a Statement of Inability to Afford Payment of Court Cost.

3.     Plaintiff's Petition asserts a federal claim under "Title IX, 20 U.S.C. Ch. 38 § 1681 *et seq*." ("Title IX"). Plaintiff's Petition also asserts various other state law claims.

4. Plaintiff served Defendant with process on or about April 14, 2023, by United States Certified Mail, Return Receipt Requested.

5. Defendant's answer, or other responsive pleading, to Plaintiff's Petition was not due in the state court prior to the date on which Defendant removed Plaintiff's lawsuit. Defendant therefore did not file a responsive pleading in the state court. Defendant will file a responsive pleading in this Court.

6. No further proceedings have taken place in the state court.

7. The time within which Defendant is required to file this Notice of Removal has not expired, 28 U.S.C. § 1446(b).

## II. Plaintiff's Lawsuit Presents a Federal Question

8. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 and Plaintiff's state law claims under 28 U.S.C. § 1367.

9. As noted above, Plaintiff asserts a claim under Title IX. *See* Exhibit B, Petition at p. 2. Specifically, Plaintiff alleges that she was subject to "Wrongful Termination, Harassment, Discrimination, and Retaliation" in violation of Title IX. *Id*.

10. Plaintiff's Title IX claim is a claim over which this Court has federal question jurisdiction under 28 U.S.C. § 1331 and which could have been filed in this Court. Thus, removal is proper pursuant to 28 U.S.C. § 1441.

11. Plaintiff also asserts various claims under Texas state law. Those claims appear to be negligent misrepresentation; negligence; gross negligence; fraud; false, misleading, and deceptive acts and practices in violation of the Texas Deceptive Trade Practices Act; breach of duties of good faith and fair dealing; breach of policy handbook; "Chapter 554;" and breach of contract.

12. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, and those claims may be removed pursuant to 28 U.S.C. § 1441.

### III. Additional Matters for Removal

13. Under 28 U.S.C. §1441(a), venue lies in the United States District Court for the Southern District of Texas, Houston Division because the state action filed by Plaintiff was filed in this judicial district and division. Defendant, however, does not concede that venue was appropriate in Harris County state district court and objects to it. Under the Texas Rules, venue is proper in Montgomery County, Texas. Notwithstanding improper venue in the state court, venue is proper in the Southern District of Texas, Houston Division because Harris and Montgomery Counties lie within the bounds of the Southern District.

14. Pursuant to S.D. Tex. Local R. 81, this Notice of Removal is accompanied by copies of the following:

   a. All executed process in this case (Exhibit A);

   b. Plaintiff's Civil Petition (Exhibit B);

   c. The state court docket sheet (Exhibit C);

   d. An index of documents being filed (Exhibit D); and

   e. A list of all counsel of record, including address, telephone numbers, and parties represented (Exhibit E).

15. Defendant will promptly specially appear and file this Notice of Removal with the clerk of the state court in which this action has been pending by special appearance.

16. This Notice of Removal has been served on all properly named parties to the removed case.

3

### IV. Conclusion

Defendant prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in state court pursuant to 28 U.S.C. §§ 1441, 1367, and 1446.

Respectfully submitted,

**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**

 */s/ Stephen J. Quezada*
Stephen J. Quezada
Texas Bar. No. 24076195
One Allen Center
500 Dallas, Suite 3000
Houston, TX 77002
713-655-5757 (Phone)
713-655-0020 (Fax)
stephen.quezada@ogletree.com

**Attorney-In-Charge for Defendant
Lone Star College System**

**Of Counsel:**

Amanda C. Croushore
State Bar No. 24128163
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
One Allen Center
500 Dallas, Suite 3000
Houston, TX 77002
713-655-5776 (Phone)
713-655-0020 (Fax)
amanda.croushore@ogletree.com

## Certificate of Service

I hereby certify that on May 8, 2023, a copy of the foregoing was electronically filed with the Court and served on all counsel of record in a manner consistent with the Federal Rules of Civil procedure, as follows:

Amia Young-Trezvant
11250 Mason Rd., Apt. 14203
Cypress, Texas 77433
amiayoung@yahoo.com

**Pro se Plaintiff**

                                           */s/ Stephen J. Quezada*
                                           Stephen J. Quezada